THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. OWEN TURNER, *Defendant in Error.*

Where the evidence in a case is such as to warrant the finding of the jury, and there is no certain uncontroverted evidence which would authorize the appellate court to say that the verdict was excessive, the judgment will not be reversed on writ of error.

This case was decided by Division B.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter,* for Plaintiff in Error;

*J. W. Brady,* for Defendant in Error.

HOCKER, J.—Owen Turner sued the Atlantic Coast Line Railroad Company in the circuit court of Polk county for damages for injuries sustained by the negligence of the railroad company in permitting a box car to run into a wagon on which Turner was riding at a street crossing in the town of Mulberry. Turner was thrown from the wagon and claims to have been injured. On the trial the plaintiff recovered a judgment for $2,500.00 with eight per cent. interest from the 21st of July, 1908. The defendant has brought this judgment here for review on writ of error.

The only question insisted on here by the plaintiff in error is, that the judgment is excessive. There was evidence that Owen Turner, the defendant in error, was a farmer living on the Alafia river about five miles from Mulberry. He had a small farm of about twelve acres upon which he had lived about twenty years, and upon which he had raised a portion of his family of children. He cultivated the farm from year to year, and when he was not thus employed he had been doing work on the public roads for which he received one dollar and fifty cents a day. At the time of the alleged injury Mr. Turner was fifty-seven years old. At that time he had a slight rupture or hernia, which had never before given him any special trouble or prevented him from following his usual avocations. When the wagon he was in was struck by

the car it was pushed along the track for some distance and the wheels broken. Mr. Turner was thrown from the wagon and pushed or dragged for a few feet, but finally rolled off the track. He claims that his hernia was increased and aggravated by being thus thrown from his wagon and dragged along the track, and that ever since he has suffered more or less pain in his back, stomach, chest and hips; that he has been incapacitated from following his usual avocations, and is not able to do a day's work; that he will never be in a condition to labor as before he was hurt. There is some confusion in the testimony of the physicians as to the extent of Mr. Turner's injuries, and as to whether they are remediable, though they seem to think his only remedy is a surgical operation which might or might not relieve him, and which he might or might not survive. Mr. Turner's life expectancy, according to the American Experience Mortality Tables in evidence, was about sixteen years. We think that the jury might very well have concluded from the evidence that Mr. Turner's capacity for earning money and working his farm was practically destroyed. They may also have concluded from the evidence that his earning capacity as a laborer before he was hurt was as much as four hundred dollars a year, and this sum multiplied by sixteen years, his life expectancy, would amount to $6,400.00. The present value of this amount, even using as high as 8 % interest as the basis of calculation, will be $2800.00. This is $300.00 more than the jury allowed in their verdict, and leaves out of consideration any compensation for pain and suffering or medical expenses. There is no certain, uncontroverted evidence in this case which would authorize us to say the verdict and judgment are excessive.

The judgment below is affirmed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.